**VEDDER PRICE (CA), LLP**
Candice T. Zee (SBN 227453)
czee@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
T: +1 424 204 7700
F: +1 424 204 7702
Peter Walrod (SBN 339521)
pwalrod@vedderprice.com
1 Post Street, Suite 2400
San Francisco, CA 94104
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANNUNZIATA CRUPI, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF SOUTHERN CALIFORNIA, a California Corporation and a Private Academic Institution; VALTER LONGO, an Individual; SEBASTIAN BRANDHORST, an Individual; WENDY SNAER, an Individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>Trial Date:<br>Date Action Filed: May 19, 2023 |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant University of Southern California ("Defendant" or "USC") removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. Plaintiff Annunziata Crupi's ("Plaintiff") claims arise under federal law, or arise from the same case or controversy as those that arise under federal law, and thus removal is proper. For the same reasons, and pursuant to 28 U.S.C. §§ 1331 and 1367(a), jurisdiction is also proper.

A. **PLAINTIFF'S CLAIMS AND REMEDIES SOUGHT**

1. Plaintiff's Complaint ("Complaint") was filed in the state court on May 19, 2023. Defendant was served with the Complaint on May 25, 2023. A true and correct copy of the Complaint, and all other documents available on the court docket for Los Angeles County Superior Court Case No. 23STCV11353, are attached hereto as **Exhibit A** to the Declaration of Peter Walrod in Support of Notice of Removal, ¶ 2.

2. Defendant filed and served an Answer to the Complaint on June 23, 2023, in Los Angeles Superior Court. A true and correct copy of the Answer, including executed proof of service on Plaintiff enclosed therewithin, is attached hereto as **Exhibit B** to the Declaration of Peter Walrod in Support of Notice of Removal, ¶ 3.

3. Plaintiff purports to bring the following claims against Defendant in her Complaint: (1) Whistleblowing Retaliation in Violation of [California] Labor Code § 1102.5; (2) Wrongful Termination in Violation of Public Policy; (4)[1] Breach of Contract in violation of Federal Regulations [citing 2 C.F.R. § 200.400(f)] and USC's policies; (5) Intellectual property theft in violation of U.S. Code § 1832 Theft of trade secrets; (6) Missed overtime pay in violation of the Fair Labor Standards Act, Federal Regulations and of USC's policies; (7) Violation of Wages and the Fair Labor

---

[1] Plaintiff's Third Claim, for Misappropriation in violation of the Identity Theft and Assumption Deterrence Act, brought pursuant to 18 U.S.C. § 1028, is not brought against Defendant.

Standards Act; (8) Fraudulent inducement of employment in violation of Labor Code LAB § 970-972 Code § 1709-1710; (9) Fraud in employment in violation of [California] Civil Code; (10) Solicitation of employment via false advertising in violation of California Business and Professions Code; (11) False descriptions in violation of US law on Commerce and Trade 15 U.S.C. § 1125(a); and (14 [sic])[2] Intentional and Negligent Infliction of Emotional Distress in violation of Tort law and Civil Rights. Plaintiff makes numerous contentions that Defendant violated international law (*see* Plaintiff's Complaint ["Compl."] ¶ 64), Constitutional law (*see, id*. at ¶140), federal statutes and regulations (*see, e.g., id*. at ¶¶ 124-125 [alleging violations of 18 U.S.C. § 1832]; 188 [alleging violations of 15 U.S.C. § 1125]), and state law in connection with Plaintiff's employment with Defendant.

4. Plaintiff seeks monetary damages (including actual, statutory, purported penalties, and punitive damages) associated with the alleged misconduct of Defendant, together with costs and attorneys' fees.

**B. REMOVAL BASED ON FEDERAL QUESTION JURISDICTION AND THE COURT'S JURISDICTION**

5. Plaintiff's Complaint asserts the following claims that are based on federal statutes and regulations: "breach of contract in violation of federal regulations…" citing 2 C.F.R. § 200.400(f); Theft of trade secrets under 18 U.S.C. § 1832; violation of the Fair Labor Standards Act ("FLSA") under 28 U.S.C. §§ 203, *et seq*.; and false advertising under 15 U.S.C. § 1125. (*See* Exhibit A, Compl. ¶¶ 102 [2 C.F.R. § 200.400(f)]; 125 [18 U.S.C. § 1832]; 130 [FLSA regulations]; 139 [FLSA]; and 188 [15 U.S.C. § 1125]).

6. Thus, on the face of Plaintiff's Complaint, this case is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which is removable by Defendant under the provisions of 28 U.S.C. § 1441 because Plaintiff's claims are

---

[2] Plaintiff's Twelfth Claim, for Civil Conspiracy in violation of the Restatement (Third) of Torts, is not brought against Defendant.

founded on a claim or right arising under the Constitution, treaties or laws of the United States.

7. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims in the Complaint because they are so closely related to the federal law claims that they form part of the same case or controversy. Like her federal law claims, Plaintiff's state law claims relate to alleged violations of state law by Defendant that arose in connection with Plaintiff's employment relationship with Defendant.

8. All of the claims arise from the nucleus of operative facts—the circumstances of Plaintiff's employment with Defendant. These include state law claims for whistleblower retaliation and wrongful termination, fraudulent inducement of employment and wrongful solicitation of employment. Plaintiff's intentional and negligent infliction of emotional distress claims also stem from Plaintiff's employment with Defendant (*see, e.g.*, Exhibit A, Compl., ¶ 205 [Defendant "has recruited, hired, and re-employed Claimant with the purpose of narcissistically using and abusing Claimant"]).

9. Moreover, none of the state law claims alleged by Plaintiff raise novel or complex issues of state law or substantially predominate over the federal law claims, and there are no other exceptional circumstances requiring this Court to decline jurisdiction. 28 U.S.C. § 1367(c).

10. Thus, since all of Plaintiff's claims form part of the same case or controversy, supplemental jurisdiction over them is appropriate.

11. There are four identified Defendants in this case, including USC. None of the other co-Defendants have been served. Declaration of Peter Walrod in Support of Notice of Removal, ¶ 5. Accordingly, USC, the only Defendant to have been served in this case, is the only party that seeks removal. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (removal is proper even if unserved defendants do not join removal).

### C. PROCEDURE FOR REMOVAL

12. Defendant was served with the Complaint in this matter on May 25, 2023. Defendant timely filed this Notice of Removal within 30 days of the date of service on Defendant pursuant to 28 U.S.C. § 1446(b).

13. Removal to this Court is proper because the United States District Court for the Central District of California is the District Court of the United States for the District embracing the Superior Court for the County of Los Angeles, California. 28 U.S.C. § 84(c).

14. A copy of all process, pleadings and orders served upon Defendant are attached as Exhibit A in accordance with 28 U.S.C. § 1446(a). Declaration of Peter Walrod in Support of Notice of Removal, ¶ 4.

15. Defendant is filing notice of the removal of this action with the Superior Court for the County of Los Angeles, California in accordance with 28 U.S.C. § 1446(d). Declaration of Peter Walrod in Support of Notice of Removal, ¶ 6.

16. In the event that Plaintiff files a motion or other request to remand, Defendant reserves all rights to submit such additional argument and/or evidence in support of removal as may be necessary or appropriate, including evidence as to the amount in controversy or diversity of citizenship.

17. By filing this Notice of Removal, Defendant does not waive any defense to the Complaint.

Dated: June 23, 2023

Respectfully submitted,
VEDDER PRICE (CA), LLP

By: /s/ Peter Walrod
    Peter Walrod

Attorneys for Defendant
UNIVERSITY OF SOUTHERN CALIFORNIA

CERTIFICATE OF SERVICE