UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5077-GW-PDx | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Annunziata Crupi v. University of Southern California, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None Present | | None Present | |

**PROCEEDINGS:    IN CHAMBERS - ORDER**

    Pro per Plaintiff has filed a "Request of Service Via Publication to Solicit Other Defendants Valter Longo, Sebastian Brandhurst, Wendy Snaer" ("Request"). *See* ECF No. 24. In its Notice of Removal ("NOR"), Defendant University of California stated that (at the time of its removing the case to federal court) the individual defendants had not been served (*see* NOR ¶ 11, ECF No. 1). Subsequently, Plaintiff has filed a "Proof of Service by Mail" wherein she claims to have served various documents filed with the federal court on the individual defendants by mail. *See, e.g.,* ECF Nos. 15, 21. It is unclear whether Plaintiff ever served the individual defendants with a summons and complaint.

    Insofar as the Request seeks permission for service of documents on the individual defendants in this case by publication, it is DENIED without prejudice. Fed. R. Civ. P. 4(e)(1) allows service to be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Cal. Code Civ. P. § 415.50 permits service by publication, but only "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified [in the statutes]." "Consistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Calvert v. Al Binali*, 29 Cal. App. 5th 42, 49-50 (2018). Thus, "[w]hen substituted or constructive service is attempted, strict compliance with the letter and spirit of the statutes is required." *Olvera v. Olvera*, 232 Cal. App. 3d 32, 41 (1991); *see also Cnty. of Riverside v. Superior Ct.*, 54 Cal. App. 4th 443, 450 (1997) ("If there is any situation in which strict compliance can reasonably be required, it is that of service by publication.").

    Here, Plaintiff has not filed concomitantly with her Request an affidavit as required by and consistent with Cal. Code Civ. P. § 415.50. Thus, the Request is DENIED without prejudice so that she may file a compliant affidavit.

    To the extent that the Request seeks permission to "solicit" the individual defendants, it is denied

: _____

Initials of Preparer   JG

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5077-GW-PDx | Date | July 25, 2023 |
|---|---|---|---|
| Title | *Annunziata Crupi v. University of Southern California, et al.* | | |

without prejudice as it is unclear what Plaintiff means by "solicit" or what she intends/hopes to obtain. Plaintiff and the individual defendants are in adversarial positions as she has sued them. As such she cannot contact them regarding this lawsuit except as provided for under the Federal Rules of Civil Procedure. If Plaintiff has actually succeeded in serving those defendants, she may proffer discovery requests upon them for information and/or evidence which is germane to this action. To the extend that she merely seeks to informally solicit information/evidence from them directly, she has not provided any basis which would allow her to do so.

     Plaintiff has also filed a "Request to Reschedule Discovery Report Submission Set for July 31st, and First Case Hearing Set For September 21st" ("Request to Reschedule"). *See* ECF No. 23. This Court set a Fed. R. Civ. P. 26(f) scheduling conference for August 7, 2023 and required the parties to file a joint report on July 31, 2023. *See* ECF No. 13. Plaintiff filed a "Request to Remand" (*see* ECF No. 14) which the Court set for hearing on August 7. *See* ECF No. 18. Plaintiff then filed a request to reschedule the August 7 hearing to a date around September 19 (*see* ECF No. 20), and the Court moved the hearing to September 21 along with the Rule 26(f) scheduling conference. *See* ECF No. 22. In the Request to Reschedule, it appears that the Plaintiff does not object to the hearing on the motion to remand on September 21 as well as discussing – but without prior setting – discovery dates and limitations before September 21. It is not the Court's intention to establish discovery limitations or the scheduling of dates in this lawsuit prior to discussing those matter with the parties at the September 21 hearing. In light of the above, the Request to Reschedule is DENIED.

                                                                                                  :

Initials of Preparer     JG