UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-5077-GW-PDx | Date | September 20, 2023 |
|---|---|---|---|
| Title | *Annunziata Crupi v. University of Southern California, et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON PLAINTIFF'S REQUEST TO REMAND THE CASE TO STATE COURT [14]; and PLAINTIFF'S MOTION FOR RECUSAL OF JUDGE HON. GEORGE H. WU [38]

Attached hereto is the Court's Tentative Ruling on Plaintiff's Motions [14, 38], set for hearing on September 21, 2023 at 8:30 a.m.

:

Initials of Preparer  JG

***Annunziata Crupi v. University of Southern California, et al.***; Case No. 2:23-cv-05077-GW-(PDx)
Tentative Rulings on: (1) Plaintiff Annunziata Crupi's Request to Remand the Case to State Court and (2) Motion for Recusal

I.  **Background**

On May 19, 2023, *pro se* Plaintiff Annunziata Crupi ("Plaintiff") filed her Complaint in Los Angeles Superior Court, alleging the following causes of action against Defendants the University of Southern California ("USC"), Valter Longo ("Longo"), Sebastian Brandhorst ("Brandhorst"), and Wendy Snaer ("Snaer") (collectively, the "Defendants") arising out of her employment with USC: (1) whistleblowing retaliation in violation of Cal. Lab. Code § 1102.5 (against USC); (2) wrongful termination in violation of public policy (against USC); (3) misappropriation in violation of the Identity Theft and Assumption Deterrence Act, 18 U.S.C. § 1028 (against Longo); (4) breach of contract in violation of federal regulations and USC's policies (against USC); (5) intellectual property theft in violation of 18 U.S.C. § 1832 (against USC, Longo, and Brandhorst); (6) unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), federal regulations, and USC's policies (against USC); (7) unpaid wages in violation of the FLSA (against USC, Longo, and Brandhorst); (8) fraudulent inducement of employment in violation of Cal. Lab. Code §§ 970 *et seq.* (against USC and Longo); (9) fraud in employment in violation of Cal. Civ. Code §§ 1710(1), 1709(3), 1709(4), 1709(2) (against USC and Longo); (10) solicitation of employment via false advertising in violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.* (against USC); (11) false descriptions in violation of 15 U.S.C. § 1125(a) (against USC); (12) civil conspiracy (against Longo, Brandhorst, and Snaer); and (13) intentional and negligent infliction of emotional distress (against all Defendants).[1] *See* Declaration of Peter Walrod ("Walrod Decl."), Docket No. 2 at ¶ 2, Ex. A at 22 ("Compl.").

USC was served with the Complaint on May 25, 2023. *See* Notice of Removal ("NOR"), Docket No. 1 at ¶ 2; *see also* Walrod Decl. ¶ 2. USC removed the case to this Court on June 26, 2023, asserting the action is removable based on federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a). *See* NOR.

Now pending before the Court are two motions. First is Plaintiff's Request to Remand the

---

[1] The Complaint mistakenly lists Plaintiff's claim for intentional and negligent infliction of emotional distress as the fourteenth cause of action.

1

Case to State Court ("Remand Mot."). *See* Docket No. 14. USC opposes the Motion. *See* Opposition to Plaintiff's Request for Remand ("Opp. to Remand"), Docket No. 35. Defendants Longo, Brandhorst, and Snaer filed a Notice of Joinder and Consent to Removal. *See* Docket No. 36. Plaintiff filed a reply. *See* Opposition to Defendants' Opposition to Remand ("Reply ISO Remand"), Docket No. 37.

Second is Plaintiff's Request for Hon. Judge George H. Wu's Recusal ("Recusal Mot."). *See* Docket No. 38. Defendants oppose the Motion. *See* Opposition to Plaintiff's Request for Recusal ("Opp. to Recusal"), Docket No. 51. Plaintiff filed two declarations in support of her request for recusal on September 17, 2023. *See* Docket Nos. 56 & 57.

## II. Legal Standard

### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). An action in state court can generally be removed to federal court when the case could have originally been brought in federal court. 28 U.S.C. § 1441; *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005). The defendant bears the burden of proving removal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). Any doubt regarding removal jurisdiction is construed against the defendant and in favor of remanding the case to state court. *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

Federal courts have original jurisdiction over all civil actions that arise under federal law. 28 U.S.C. § 1331. A case may arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983); *see also Armstrong v. N. Mariana Islands*, 576 F.3d 950, 955 (9th Cir. 2009). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "The plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see also ARCO Env't Remediation, L.L.C. v. Dep't of Health and Env't Quality of the State of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000).

### B. Recusal

A party may move to disqualify a judge if the party files a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144; *see also id.* § 455. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," *id.* § 455(a), or "where he has a personal bias or prejudice concerning a party," *id.* § 455(b)(1). The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). "The judge is presumed to be qualified, and there is a substantial burden upon the movant to show that such is not the case." *United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976).

## III. Discussion

### A. Motion to Remand

Plaintiff requests to remand the case to the Superior Court on the following grounds: (1) lack of merit for removal; (2) bad faith, unclean hands, needless delay, harassment, fraudulent removal, tactics, and frivolity; (3) the "over-1-year" rule; and (4) other procedural defects. *See* Remand Mot. at 1. USC argues that Plaintiff's request is "without merit" as USC "properly removed the case to federal court because federal question jurisdiction is proper, supplemental jurisdiction is proper, and [Plaintiff] asserts no genuine procedural defects." Opp. to Remand at 2. The Court will address each contention in turn.

#### i. Subject Matter Jurisdiction

As discussed above, USC removed this case to federal court on federal question grounds under 28 U.S.C. § 1331. *See generally* NOR. The requirements for both federal question

3

jurisdiction and supplemental jurisdiction are met here.  First, Plaintiff concedes that four of her causes of action are based on rights of action created by federal statutes.  *See* Remand Mot. at 2 ("4 (four) claims fall under either federal or US laws"); *see also generally* Compl.  Indeed, Plaintiff's fifth cause of action is based on the federal Defense of Trade Secrets Act, 18 U.S.C. § 1836, Plaintiff's sixth and seventh causes of action are premised on the FLSA, and Plaintiff's eleventh cause of action asserts violations under the Lanham Act, 15 U.S.C. § 1051 *et seq. See generally* Compl.[2]  Consequently, the Complaint on its face presents federal questions that supported removal.  *See* 28 U.S.C. § 1331.

Second, because all of Plaintiff's state law claims arise from a common nucleus of operative fact (*i.e.* her employment and termination from USC), the Court also has supplemental jurisdiction over the state law claims.  *See, e.g., Exxon Mobil*, 545 U.S. at 580.  In her Reply, Plaintiff argues that remand is necessary because the case involves novel and complex issues of state law that disqualify it from supplemental jurisdiction.  *See* Reply ISO Remand at 10-12.  Plaintiff is correct that, under 28 U.S.C. § 1367(c), "district courts may decline to exercise supplemental jurisdiction over a claim . . . if the claim raises a novel or complex issue of state law, [or if] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . ."  However, the state law claims raised in Plaintiff's Complaint are not the type of novel or complex issues 28 U.S.C. § 1367(c) contemplates.  Indeed, federal courts routinely hear cases involving state law claims for wrongful termination, unpaid overtime/wages, fraud, and intentional and negligent infliction of emotional distress.  *See, e.g., Kaldis v. Wells Fargo Bank, N.A.*, 263 F. Supp. 3d 856 (C.D. Cal. 2017); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177 (C.D. Cal. 2002); *Jones v. Pep Boys Manny Moe & Jack of Cal.*, 980 F. Supp. 327 (C.D. Cal. 1997).  Moreover, while Plaintiff argues that "the lawsuit arises primarily from California Civil Code," the Court would find that Plaintiff's state law claims do not substantially predominate over her federal claims.  This does not appear to be a case where the state claims provide the "real body of [the] case, to which the federal claim is only an appendage."  *Gibbs*, 383 U.S. at 727.  For these reasons, the Court would conclude that it has federal question jurisdiction, as well as supplemental jurisdiction over the state law claims.

---

[2] Additionally, Plaintiff's fourth cause of action is for breach of contract in violation of federal regulations, citing 2 C.F.R. § 200.400(f).  *See* Compl.

In her Motion, Plaintiff also argues that USC improperly removed this action based on diversity jurisdiction. Remand Mot. at 8. Specifically, Plaintiff contends that both requirements for diversity jurisdiction (*i.e.* amount in controversy and complete diversity) are not met here. *Id.* However, as USC explains in its Opposition, it has removed this action based on federal question jurisdiction, not diversity jurisdiction. *See generally* Opp. to Remand. Therefore, Plaintiff's argument based on diversity jurisdiction defects is unavailing.

Finally, for the first time in her Reply, Plaintiff argues that this action is a "non-removable action" under the Violence Against Women Act of 1994 ("VAWA"). Reply ISO Remand at 7-8. As a preliminary matter, the Ninth Circuit has held that a "district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."). As such, the Court could simply disregard this argument; however, even if the Court were to consider this argument, it fails as a matter of law.

First, it is undisputed that Plaintiff did not allege a claim under VAWA in her Complaint. *See* Compl. Although Plaintiff argues that she has been a victim of "dating violence, a sexual assault, and stalking," Reply ISO Remand at 7, Plaintiff does not even mention VAWA in her Complaint. Indeed, the first mention of VAWA by Plaintiff is in her Reply. Second, Plaintiff seemingly relies on the following language in 28 U.S.C. § 1455(d):

> A civil action in any State court arising under section 40302 of the Violence Against Women Act of 1994 may not be removed to any district court of the United States.

However, "even if Plaintiff had alleged a claim under VAWA or the Court concluded that Plaintiff's claims 'arise under' VAWA, the Supreme Court has found that Congress did not have the power to enact Section 40302." *Love v. US Foods, Inc.*, No. 2:21-cv-06845-JFW-(ASx), 2021 WL 5050058, at *2 (C.D. Cal. Nov. 1, 2021) (citing *U.S. v. Morrison*, 529 U.S. 598 (2000)). Indeed, as highlighted by the *Love* court – a decision from this District:

> [Because] of the Supreme Court's ruling in *Morrison*, other courts have found that Section 1445(d) is no longer operative. *See, e.g., Durham v. AMIKids, Inc.*, 2018 WL 6613816 (M.D. La. Sept. 25, 2018) ("Although § 1445(d) appears to make suits arising under VAWA 'nonremovable,' Plaintiff's Petition does not assert a VAWA claim. Even if such claim was alleged, the Supreme Court has found that Congress did not have power to enact § 40302, and

> based on that ruling, other courts and commentators have found that § 1445(d) is no longer operative"); *Johnson v. Western & Southern Life Ins. Co.*, 2015 WL 4545930, at * 2 (S.D. Ind. July 28, 2015) ("While Plaintiff correctly points out that removal of a Section 40302 civil action is precluded under 28 U.S.C. § 1445(d), Plaintiff fails to recognize that the Supreme Court found that Congress did not have the power to enact Section 40302, thus barring civil actions under this provision. Plaintiff's VAWA claim is one upon which relief cannot be granted. As such, that claim is not a proper reason to remand.") (internal citations omitted).

*Love*, 2021 WL 5050058, at *2. The Court would follow the reasoning in *Love* and "the well reasoned opinions of these courts." *Id.* Thus, the Court would conclude that Plaintiff has failed to demonstrate that she has alleged a claim in her Complaint that makes her action "nonremovable" under VAWA.

        ii.    <u>Procedural Defects</u>

Next, Plaintiff asserts that remand is warranted here due to a litany of purported procedural defects. First, Plaintiff argues that removal was procedurally defective because USC had not been served with the Complaint at the time of removal. Remand Mot. at 3; *see also* Reply ISO Remand at 5 ("Despite [the fact that] USC had not been served with the summons and complaint yet, USC proceeded to remove the case to Federal Court on June 26th 2023, demonstrating that USC and its representatives have stolen and/or concealed public documents from co-Defendants, causing damages to the case and to Plaintiff."). USC responds that it accepted service of the Complaint on May 25, 2023. *See* Opp. to Remand at 3; *see also* NOR at ¶ 2; Walrod Decl. ¶ 2. In her Reply, Plaintiff contends that USC was served on August 3, 2023, and attaches a proof of service. *See* Reply ISO Remand at 5. In order to remove a case from state to federal court, the defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders serviced upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Section 1446(b) governs timeliness of removal:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

Notably, Plaintiff fails to point to any analogous case holding that a removal was improper

6

because the removing defendant had not been served. Presumably because, as other cases have held, a "complaint need only be filed to be removable." *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214-15 (D. Haw. 2010) (citing 28 U.S.C. § 1441(a)) ("any civil action *brought* in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants.") (emphasis added by *Watanabe* court). For example, in *Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, No. 3:13-cv-00331-GPC-KSC, 2013 WL 3197071 (S.D. Cal. June 20, 2013), the court rejected a similar argument that the defendant's pre-service removal was improper, reasoning as follows:

> The Supreme Court in *Murphy Brothers* addressed whether a defendant could be "obligated" to remove an action prior to formal service, not whether a defendant is permitted to do so. *Regal Stone Ltd.* 881 F.Supp.2d at 1129 (citing *Murphy Brothers*, 526 U.S. at 353–354). The purpose of § 1446(b) "assures defendants adequate time to decide whether to remove an action to federal court." *Murphy Brothers*, 526 U.S. at 354. Moreover, removal is appropriate upon commencement of an action. A defendant seeking to remove a civil action from state court shall file in the district court where such action is pending. 28 U.S.C. § 1446(a). "In California, as in the federal courts, a suit is 'commenced' upon filing." *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) (citing Cal.Civ.Proc.Code § 350).

2013 WL 3197071, at *9.

Likewise, in *Kutcha v. National Railroad Passenger Corp.*, No. 3:22-cv-02198-JCS, 2022 WL 3650734 (N.D. Cal. Aug. 24, 2022), the court rejected the plaintiff's argument that the removal was procedurally defective because Amtrak, the defendant, had not been served. *Id.* at *4. The court found that "[b]ecause Plaintiff brought this case in state court and named Amtrak as a defendant, Amtrak was entitled to remove the case under Section 1441(a) regardless of whether it had been served at the time of removal." *Id.* This is because "[t]he statute authorizing removal does not say anything about removals that occur too soon. It merely requires that defendants exercise due diligence to remove cases within a specific time: thirty days." *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 576 (S.D. Ala. 1986). "Section 1446(b) does not define when a case is removable, it only defines when the clock will begin running, and how long it will run." *Id.* The same reasoning applies here. Therefore, assuming without deciding that USC removed this action before it was served, this does not make USC's removal procedurally defective.

Second, Plaintiff contends USC's failure to show all named Defendants have consented to

7

removal warrants remand here because Longo, Brandhorst, and Snaer were purportedly served on May 25, 2023. *See* Remand Mot. at 4. USC responds that "[w]hen USC prepared and filed its removal, no documents indicating that service had been attempted or completed on any of the individual co-defendants had been provided, or filed with a court, nor had Plaintiff indicated in any way that she had or was attempting to serve the individual defendants. Only a week after USC had filed the Notice of Removal, did Plaintiff serve a purported proof of service of a summons and complaint on one of the individual defendants on USC." Opp. to Remand at 10.

Based on the record before it, the Court would agree with USC that it need not have obtained the consent of the other Defendants before removing this action to federal court. Plaintiff had not filed any proof of service demonstrating service of the Summons and Complaint on any other Defendant. Only "defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)). In her Motion, Plaintiff contends she served Longo, Brandhorst, and Snaer on May 25, 2023, *see* Remand Mot. at 4, and submitted purported proofs of service, *see* Docket No. 28.[3] However, as highlighted by USC, Plaintiff did not file a proof of service proving this occurred, at least not at the time of removal. Moreover, practically speaking, without the proof of service being filed, USC had no notice that any other Defendant had been served in this action. Without Plaintiff providing any notice that Longo, Brandhorst, and Snaer had been served, USC reasonably did not seek their consent to remove this action to federal court.

Nevertheless, the "failure to consent to removal can be cured prior to entry of judgment." *Cardroom Int'l LLC v. Scheinberg*, No. 2:12-cv-02870-MMM-(AGRx), 2012 WL 2263330, at *6 (C.D. Cal. June 18, 2012) (citing *Destfino*, 630 F.3d at 956-57 and *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 970 (9th Cir. 2002)). Indeed, decisions from this District have concluded that a district court may "allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Canty v. Providence Health Sys.-S. Cal.*, No. 2:20-cv-03347-JAK-(JPRx), 2020 WL 5701761, at *3 (C.D. Cal. Sept. 23, 2020); *see also Mirtaheri v. Sprouts Farmers Mkt.*, No. 2:20-cv-05351-VAP-(RAOx), 2020 WL 4883819, at *3 (C.D. Cal.

---

[3] It is not lost on the Court that Plaintiff asserts that Longo, Brandhorst, and Snaer were served on May 25, 2023, but disputes that USC was served on the very same day, despite counsel's representations to the contrary.

8

Aug. 20, 2020). In any event, Longo, Brandhorst, and Snaer cured the purported procedural defect by filing a joinder to the removal. *See* Docket No. 36; *see also Destfino*, 630 F.3d at 956-57 (where all defendants did not join initially in the petition for removal, a district court may "allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to entry of judgment"); *Losurdo v. JPMorgan Chase Bank, N.A.*, No. 2:16-cv-01409-JAK-(AGRx), 2016 WL 8730559, at *6 (C.D. Cal. May 6, 2016) (joinder in the notice of removal filed by a defendant who was served with the complaint and did not consent at the time of removal cured "any procedural defect").

Next, Plaintiff asserts that "the removal is inappropriate and unlawful because of the 'over 1 year' rule." Remand Mot. at 11. However, the provision relied upon by Plaintiff pertains only to removals pursuant to diversity jurisdiction, which is not USC's basis for removal. *See* 18 U.S.C. § 1446(c)(1).

Finally, Plaintiff makes various allegations regarding bad faith, undue delay, unclean hands, and harassment. *See* Remand Mot. at 3-6. These arguments, however, do not challenge the Court's subject matter jurisdiction. In addition, Plaintiff argues that proceeding in federal court will be "an easier path for the defendants and a more challenging path for Plaintiff." *Id.* at 6. However, Plaintiff's preference for state court does not negate USC's statutory right to a federal forum for the federal claims asserted against it.

### B.     Motion for Recusal

Plaintiff's request to disqualify this Court also lacks merit. Much of Plaintiff's motion constitutes conclusory allegations against this Court, instead of "facts from which a reasonable man would fairly infer that a judge is personally and extra-judicially biased or prejudiced." *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (finding that the district court properly dismissed a motion under 28 U.S.C. § 455 where the affidavit "contain[ed] only conclusionary statements and personal opinions" of judicial prejudice). As evidence of this Court's purported bias, Plaintiff argues that this Court has spoken at USC events, hired USC students as law clerks, and has had family members showcased as part of the "USC-US China Institute."[4] Recusal Mot. at ¶¶ 2-4.

---

[4] The undersigned judicial officer has spoken at legal conferences held at or by USC (as well as for other educational institutions), but has never accepted any honorarium, although a meal may have been provided. Likewise, the Judge has hired, as law clerks, graduates of either the USC college and/or law school; but the Judge has hired many graduates of institutes of higher learning and not just from USC. Finally, in examining Plaintiff's claim that the judge's family members were showcased as part of the "USC-US China Institute," that reference was merely to the fact that the Judge's mother, who was a well-known restauranteur for decades, had contributed recipes for one of the

9

Plaintiff contends that these activities constitute a "substantial financial interest," reflect the possible receipt of gifts, and represent "evidence of an active partnership" with USC.[5] *See id.*

Unfortunately, none of Plaintiff's arguments would lead a reasonable person with knowledge of the facts to conclude that this Court's impartiality might be reasonably questioned. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also* 28 U.S.C. § 455. Plaintiff's purported evidence is thread-bare at best and/or based upon mere speculation. Pointing to alleged speaking engagements and the employment of USC graduates does not indicate that this Court has any bias in this case whatsoever. Moreover, Plaintiff cites no authority supporting her position.

Indeed, the Ninth Circuit has upheld denials of recusal motions in which judges made actual monetary contributions to universities. *See e.g., Maurey v. Univ. of S. Cal.*, 12 F. App'x 529, 532 (9th Cir. 2001); *U.S. ex rel. Hochman v. Nackman*, 145 F.3d 1069, 1076 (9th Cir. 1998). For example, in *Maurey*, the plaintiff sought to recuse the judge based on her affiliation with USC's law school and the Ninth Circuit concluded the judge did not abuse her discretion in declining recusal because her "small yearly contributions to the law school," "participat[ion] in a law school fundraiser," "servi[ce] as a guest judge at USC Law School's moot court competition," and "membership on USC Law School's Board of Councilors" did not call into question her impartiality in a case in which USC was a named defendant. 12 F. App'x at 532.

The judge's contacts with USC in *Maurey* are arguably much more extensive than the purported contacts at issue here – yet, such affiliations with USC did not require recusal. *See id.* Here, the Court's alleged activities with USC are so minimal that no reasonable person would question this Court's impartiality. In sum, Plaintiff has failed to present sufficient evidence or argument that this Court has a personal bias or prejudice against her. *See* 28 U.S.C. § 144.

---

Institute's publications.

[5] In her declaration, Plaintiff states that "Hon. Judge George H. Wu is listed as paid public speaker (substantially paid: $10-20,000 per paid participation) by All American Speakers (https://www.allamericanspeakers.com/speakers/396783/George-H.-Wu)." However, in venturing onto that site, there is a reference to a "George H. Wu: United States Federal Judge, Former Associate Professor at Harvard Business School" with a concomitant photograph. While George H. Wu is undeniably a United States District Court Judge, he has never been a Professor at the Harvard Business School. Moreover the photograph in the article does not depict Judge Wu. There is a George Wu who was a professor at the Harvard Business School and is now associated with the University of Chicago Booth School of Business. Indeed, a comparison of the person shown in the All American Speakers web site and the faculty photograph from the Booth School demonstrates that the web site has confused two persons with similar names. Since he has been a federal judge, the undersigned judicial officer has never been paid for speaking in public.

10

Therefore, the Court would deny Plaintiff's motion for recusal.[6]

Finally, the Court notes that neither of Plaintiff's motions contain a certification of compliance with this Court's meet-and-confer requirement. *See* C.D. Cal. L.R. 7-3 ("[C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."). Courts in this district have denied motions based on a party's failure to comply with Local Rule 7-3. *See Boedeker v. Farley*, No. 8:19-cv-02443-MCS-(JDEx), 2020 WL 2536969, at *1 (C.D. Cal. Feb. 5, 2020); *R.H. v. City of San Bernardino*, No. 5:18-cv-01232-JLS-(KKx), 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019). The meet-and-confer requirement is not suggestive but mandatory. Failure to comply with Local Rule 7-3 means that the Court may deny the motion. Because the Court finds that Plaintiff's motions lack merit, the Court will not disregard or strike the motions on procedural grounds.

Nevertheless, even though Plaintiff is acting *pro se* (*i.e.* without an attorney), she remains obligated to follow the same rules as represented parties. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Plaintiff's failure to comply with any procedural requirements, including any Court order, may result in the imposition of sanctions up to and including dismissal of the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Accordingly, Plaintiff is hereby warned that further failure to comply with any order or applicable procedural rule, including the failure to meet and confer, may result in sanctions.

### IV.   <u>Conclusion</u>

Based on the foregoing discussion, the Court would (1) **DENY** Plaintiff's motion to remand and (2) **DENY** Plaintiff's motion for recusal.

---

[6] As noted above, Plaintiff filed two declarations in support of her request for recusal on September 17, 2023. *See* Docket Nos. 56 & 57. The declarations, however, neither respond to Defendants' arguments in opposition to the motion nor present any additional evidence/argument that this Court has a personal bias or prejudice against her.