1

ANNUNZIATA CRUPI

3711 Mentone ave, apt 19

Los Angeles, CA 90034

+1 (424) 230 6547

nancycrupi1986@gmail.com

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Annunziata Crupi, an individual,<br><br>Plaintiff<br><br><br>v.<br><br><br>University of Southern California, a California Corporation and a private Academic Institution<br>Valter Longo, an individual<br>Sebastian Branhorst, an individual<br>Wendy Snaer, an individual<br>And DOES 1 through 100, inclusive,<br>Defendants | Case No.: 2:23-cv-05077-GW-PD<br><br>**PLAINTIFF'S NOTICE OF DISMISSAL OF CLAIMS** |

2

3

1    ANNUNZIATA CRUPI

2    3711 Mentone ave, apt 19

3    Los Angeles, CA 90034

4    +1 (424) 230 6547

5    nancycrupi1986@gmail.com

6    Plaintiff in Pro Per

7

8                              **DISMISSAL OF CLAIMS**

9

10   Hon. Judge's George H. Wu has suggested to Plaintiff to dismiss the federal claims so that only State Court

11   would have jurisdiction over the case. Plaintiff did not make a choice regarding Judge's offer during the

12   hearing of the 21st of September because of a lack of understanding of what dismissing the claims meant

13   and of what it would cause to the case. Plaintiff has been considering Judge Wu's proposal and has decided

14   to accept Judge Wu's offer and to dismiss the federal claims conferring jurisdiction to this forum, amend

15   the face of the pleading to delete the federal claims, and request the remand to State Court.

16

17

18   **THE FEDERAL CLAIMS THAT PLAINTIFF REQUESTS TO DISMISS ARE THE**

19   **FOLLOWING:**

20          • THIRD: Misappropriation in violation of the Identity Theft and Assumption Deterrence Act

21             – Claimant against Valter Longo: dismissal without prejudice

22          • SIXTH: Missed overtime pay in violation of FLSA – Claimant against USC: dismissal

23             without prejudice

24          • ELEVENTH: False description in violation of US law on Commerce and Trade – Claimant

25             against USC: dismissal with prejudice

26

27

1  **THE REASONS FOR THE DISMISSAL OF THE ABOVE-LISTED CLAIMS ARE THE**
2  **FOLLOWING:**

3

4  In **Byron Alcantara v. Duran Landscaping, Inc,** the Judge ruled that Fed. R. Civ. P. 41(a)(1)(A) allows
5  the parties "*to dismiss their claims at any time, and without court action*" and, in particular related to FLSA
6  claims, that "*court approval slows the resolution of FLSA settlements and, by extension, the payment of*
7  *wages to plaintiffs*".

8

9  **AGREEMENT WITH DEFENDANTS**

10  1.  After conferring with Peter Walrod, in representation of Defendants, the interested parties
11      agreed to dismiss the third cause of action. Indeed, Peter Walrod made known to
12      Plaintiff that the parties were planning on independently requesting a dismissal of the third
13      claim. Hence, the parties agree to dismiss the third claim. Pursuant to Rule 41 of the Federal
14      Rules, the third claim may be voluntarily dismissed by Plaintiff as the Defendant (Valter
15      Longo) has not responded to the Complaint yet.
16  2.  Pursuant Rule 41 (a)(1)(A)(i) the third claim shall be considered voluntarily dismissed
17      without prejudice.

18

19  **ALTERNATIVE THEORIES BASED ON STATE LAW SUPPORTED BY DEFENDANTS'**
20  **STATEMENTS**

21  3.  Hon. Judge George H. Wu has stated that: "*When a claim can be supported by alternative*
22      *and independent theories – one of which is a state law theory and one of which is a federal*
23      *law theory – federal question jurisdiction does not attach because federal law is not a*
24      *necessary element of the claim.*" *Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir.*
25      *1996)*.".
26  4.  The sixth and eleventh claim are supported by alternative theories based on State law, laws
27      and theories which are also mentioned in the original Complaint:
28      •  California Labor Code (sixth cause of action)
29      •  Constitution (California State Constitution) (sixth cause of action)

- California Business and Professions Code Section 17500 (eleventh cause of action)

5. The sixth claim may be independently filed to the Labor Commissioner's Office and therefore shall be dismissed by Federal Court as the *claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory.*

6. Court's priority is the resolution of the wage and hour claims in order for Plaintiffs to receive their missing wages as soon as possible (**Byron Alcantara v. Duran Landscaping, Inc**.)

7. The Labor Commissioner's Office will allow a much faster resolution of the wage and hour claim.

8. Hence the dismissal of the sixth claim and the therefore necessary amendment of the pleading will allow a much faster resolution of the wage and hour claim, especially important considering that Plaintiff is in extreme poverty and may otherwise be coerced to soon dismiss the entire proceeding for lack of resources and undue burden due to the very causes of action here in essence, resulting in unconstitutionally depriving Plaintiff of their fundamental rights;

9. After comparing State and Federal laws on false advertisement, California Professional and Business Code Sec. 17500 is better suited to cover for the violation discussed by Plaintiff in the eleventh claim, which is already part of the original pleading as tenth cause of action.

10. Indeed, after a more thorough reading of the law reported in the eleventh claim - US Law 15 U.S.C. § 1125(a) –, that law does not seem to consider violations committed by corporations but by a "person", while the eleventh cause of action lists only USC, a corporation, as Defendant, and the law appears more appropriate to persecute the false description of products and services instead of employment conditions;

11. On the contrary, the California Professional and Business Code Sec. 17500 considers violations committed by "corporation(s)" and is more suited for violations of employment contracts and conditions. Under the light of this newly acquired information, if any party shall be listed as Defendants in the eleventh claim, that party should be Valter Longo. Therefore, the eleventh cause of action against USC shall be dismissed. The dismissal of

the eleventh cause of action would aid presenting the merit of the pleading and avoid redundant claims.

12. Defendants, in their affirmative defenses filed concomitantly with the removal, asserted (a) that Plaintiff *lacks standing* for the eleventh cause of action, suggesting that Defendants support the dismissal of the eleventh claim and that Defendants did not believe that the eleventh claim would confer jurisdiction to federal court at the time of removal, (b) that the sixth cause of action refers to *preliminary or postliminary activities* to the employment contract, suggesting that Defendants believe that, if wages are missing, it is due to a violation of the California State Constitution prohibiting *slavery and involuntary servitude*, and not to a violation of the FLSA, therefore supporting the dismissal of the sixth cause of action against USC, (c) that, if wages are missing, USC employees (Plaintiff's superiors), and not USC, would be a Defendant in the sixth claim [in accordance with the assertive defense "*No Respondeat Superior Liability of USC for All Causes of Action Except the Third and Twelfth*"].

13. Indeed, based on the defensive strategy adopted by USC, USC believes that (a) USC is not a party in the sixth claim because the missing wages would have been earned by Plaintiff outside of the employment contract signed by Plaintiff with USC and/or due to orders given to Plaintiff by their superior outside of their role as USC employees, suggesting that USC supports the dismissal of the claim and/or that continuing the litigation may lead to a dismissal of the claim against USC.

**FORCE MAJEURE**

14. Plaintiff have found themselves in progressively worse conditions of hardship due to the several extremely adverse events happened to Plaintiff during the months following the filing of the Complaint to State Court, including the proven hacking of Plaintiff's Google account, and the further stalking by private investigators and/or individuals trying to incriminate Plaintiff, and has found the procedure in Federal Court extremely challenging for a Plaintiff in pro se, in extreme poverty, and working 24/7;

**UNDUE BURDEN, IMPOSSIBILITY**

15. Plaintiff is not a lawyer, takes a long time to educate themselves on the laws, regulations, and procedures of a jurisdictional system that Plaintiff is not familiar with, in a forum that Plaintiff has not chosen and that is widely recognized as more formal and challenging than State Court - the forum chosen by Plaintiff.

16. Plaintiff has attempted to mitigate the potential damages by contacting hundreds of lawyers requesting representation but has not been able to find a proper lawyer due to the very causes of action described in the pleading.

17. Plaintiff has also followed the Court's orders in an attempt to avoid making procedural mistakes in filing the documents, but the instructions sounded cryptical to Plaintiff, ultimately promoting a higher number of procedural mistakes.

18. Plaintiff does not know the federal rules and regulations nor has currently enough time to properly educate themselves on the federal regulations, as indeed, due to the removal, Plaintiff's schedule and plans have been dramatically negatively affected and Plaintiff was already working 24/7, which was also reason why, in a condition of equal State and Federal jurisdiction, Plaintiff had chosen State Court **(Noel v. Chase Investment Services/JP Morgan Chase Bank et al, (S.D.N.Y. 2011))**.

19. As a consequence, Plaintiff has already received multiple notices of possible sanctions due to procedural mistakes, while Defendants, represented by an experienced and strategic law firm, have never been given any notice of possible sanctions despite their conduct.

20. Hence, not allowing the dismissal of the claims and keeping the case in this forum may force Plaintiff, a litigant in pro se already in extreme poverty, to incur in sanctions - as Hon. Judge George H. Wu has already highlighted in the tentative ruling related to the hearing of the 21st of September - and to potentially be incriminated for not being able to pay the fees due to the hardship caused by the very causes of action here in essence and from which Plaintiff is seeking relief, resulting in excessive burden and in depriving Plaintiff of their fundamental rights.

1    For all the above, Plaintiff requests the Court to dismiss the above-listed claims as described in this request

2    for dismissal.

3    As the request for dismissal of the third and sixth causes of action is not due to lack of merit, no preclusions

4    shall apply, and the dismissal shall be without prejudice (Rule 41(1)(B). A dismissal with prejudice of the

5    sixth claim would be against the Constitution and against previous Court's decisions (**Cheeks v. Freeport**

6    **Pancake House**). Plaintiff is not planning on refiling the same claims - due to the reasons above listed -

7    but Plaintiff reserves the right to do so as the law allows and therefore requests a dismissal of those actions

8    without prejudice.

9

10   As the eleventh claim is instead not supported by the Federal law US Law 15 U.S.C. § 1125(a), the eleventh

11   claim may be dismissed with prejudice.

12

13

14   10/11/2023

15   Los Angeles, CA

16   Annunziata Crupi, in pro per

17   Signature

18

19   Annunziata Crupi

20   3711 Mentone ave, apt 19

21   Los Angeles, CA 90034

22   In pro per

23

24

25

26

1

2

3

4

5

6

7

8