1

| | |
|---|---|
| ANNUNZIATA CRUPI<br><br>3711 Mentone ave, apt 19<br><br>Los Angeles, CA 90034<br><br>+1 (424) 230 6547<br><br>nancycrupi1986@gmail.com<br><br>Plaintiff in Pro Per | |
| UNITED STATES DISTRICT COURT<br><br>CENTRAL DISTRICT OF CALIFORNIA | |
| Annunziata Crupi, an individual,<br><br>Plaintiff | Case No.: 2:23-cv-05077-GW-PD |
| v.<br><br>University of Southern California, a California Corporation and a private Academic Institution<br><br>Valter Longo, an individual<br><br>Sebastian Branhorst, an individual<br><br>Wendy Snaer, an individual<br><br>And DOES 1 through 100, inclusive,<br><br>Defendants | **PLAINTIFF'S MOTION FOR SANCTIONS** |

2

1

DECLARATION

ANNUNZIATA CRUPI

3711 Mentone ave, apt 19

Los Angeles, CA 90034

+1 (424) 230 6547

nancycrupi1986@gmail.com

## PLAINTIFF'S MOTION FOR SANCTIONS

The current motion is being filed after conferring with the opposing counsel and trying to reach an agreement that would make the motion unnecessary. As foreseeable, the meeting, held via phone call on the 12/14/2023, has been unfruitful and has only further delayed the proceeding and caused further harassment and prejudice of Plaintiff.

**BACKGROUND**

On 09/14/2023 all parties filed a Joint Report in compliance with Rule 26.
On 10/16/2023 Plaintiff, after conferring with the opposing counsel, has filed a request to dismiss some of the claims. The opposing counsel had orally agreed to the dismissal of the third claim, but has refused to provide written approval, and has not provided approval for the dismissal of any of the other claims.
On 11/02/2023, this court ruled that the dismissal of the claims would be approved because of lack of opposition from the opposing party.

**VIOLATIONS**

- **Rule 26** states: "*Rule 26. (1) (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request,*

2

DECLARATION

> *provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy—or a description by category and location—of <u>all</u> documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;"*

- Based on **28 U.S.C. § 1927** *"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."*

Defendants have <u>proactively</u> requested to Plaintiff to hold the Rule 26 meeting and file the joint discoveries <u>five times</u> (07/13/2023; 07/17/2023; 07/25/2021; 08/08/2023; 09/14/2023) and have solicited Plaintiff multiple times to provide the initial disclosures. Plaintiff has complied with rule 26, providing *a description by category and location of <u>all</u> documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses* and *name and, if known, the address and telephone number of each individual likely to have discoverable information*. However, when Plaintiff has requested to Defendants to be provided with the owed evidence and with the owed names and contacts of individuals who possessed discoverable information, Defendants have ignored Plaintiff's requests (sent via email) in multiple occasions, and have therefore refused to provide *the name and the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses*. In addition, Defendants have only provided <u>incomplete</u> evidence, therefore have not provided *<u>all</u> documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses*.

Defendants have demonstrated of being aware of the meaning and use of Rule 26 in multiple occasions, have taken advantage of Rule 26 and of the duties of the parties in multiple occasions in order to obtain

evidence from Plaintiff, and have therefore knowingly and maliciously violated Rule 26 in ways that prejudiced Plaintiff.

In addition, Defendants' counsel, Peter Walrod, has:

- not provided the written approval for the dismissal of the claims requested by Plaintiff, who later filed a request to dismiss some of the claims (10/16/2023). However, Peter Walrod had already agreed to the dismissal of the third claim orally, before the filing of the motion, and later has not filed an opposition to the request to dismiss the claims, which resulted in the court's approval of the dismissal of the claims. Therefore, Defendants' counsel has demonstrated an *unreasonable and vexatious* conduct which overall resulted in harassing Plaintiff and in *multiplying the proceedings*. Indeed, the dismissal of the claims could have been considered voluntary and agreed by the parties. Instead, Plaintiff had to file a request for dismissal not knowing whether the dismissal would be approved, had to wait multiple weeks to know whether the dismissal would be approved, and had to ultimately discover via court order that the dismissal had been approved for lack of opposition.
- not followed court's orders requesting the refiling of the Joint Rule 26 Report, which Plaintiff has been forced to refile on their own explaining to court that the opposing counsel had not been collaborative and had attempted to illegitimately and unilaterally edit the Joint Report that the parties had already previously agreed on, and in ways that would prejudice Plaintiff and favor Defendants. Opposing counsel's conduct has been *unreasonable and vexatious* and overall resulted in harassing Plaintiff and in *multiplying the proceedings*.
- not been collaborative in multiple occasions, including on the 12/14/2023, in which the counsel said that he "*doesn't understand what the motion to strike is meant to achieve*" (the motion is self-explanatory, unless the counsel is incompetent or needs an interpreter) and that he "*doesn't believe that there is any basis for the request for sanctions*" (he has knowingly refused to provide full initial disclosures), and he has refused, one more time, to provide the contact information of individuals previously employed in Valter Longo's lab at USC who possess relevant information for the case and who have been conveniently recommended for job positions out of State, stating that "*he doesn't know who those people are*".

1  Plaintiff requests sanctions commensurate to the amount of damage caused to Plaintiff, considering that
2  Plaintiff is in pro se and is in extreme poverty, as a reimbursement of Plaintiff for those damages, and also
3  requests sanctions as a punishment to deter further sanctionable actions.

4

5  12/14/2023

6  Los Angeles, CA

7  Annunziata Crupi, in pro per

8  Signature

9

10  ANNUNZIATA CRUPI

11  3711 Mentone ave, apt 19

12  Los Angeles, CA 90034

13  +1 (424) 230 6547

14  nancycrupi1986@gmail.com

15  Plaintiff in Pro Per

DECLARATION