1   **Vedder Price (CA), LLP**
    Candice T. Zee (SBN 227453)
2   czee@vedderprice.com
    1925 Century Park East, Suite 1900
3   Los Angeles, California 90067
    T:  +1 424 204 7700
4   F:  +1 424 204 7702
    Peter Walrod (SBN 339521)
5   pwalrod@vedderprice.com
    1 Post Street, Suite 2400
6   San Francisco, CA 94104
    T: +1 415 749 9500
7   F: +1 415 749 9502

8   Attorneys for Defendants
    UNIVERSITY OF SOUTHERN
9   CALIFORNIA, VALTER LONGO,
    SEBASTIAN BRANDHORST, and WENDY
10  SNAER

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                    WESTERN DIVISION

15

16  ANNUNZIATA CRUPI, an Individual,      Case No.: CV 23-5077-GW-PDx

17          Plaintiff,                     **DECLARATION OF WENDY
                                           SNAER IN SUPPORT OF
18       v.                                UNIVERSITY OF SOUTHERN
                                           CALIFORNIA'S, VALTER
19  UNIVERSITY OF SOUTHERN                 LONGO'S, SEBASTIAN
    CALIFORNIA, a California Corporation   BRANDHORST'S, AND WENDY
20  and a Private Academic Institution;   SNAER'S AMENDED MOTION
    VALTER LONGO, an Individual;          TO COMPEL ARBITRATION
21  SEBASTIAN BRANDHORST, an              AND DISMISS
    Individual; WENDY SNAER, an
22  Individual; and DOES 1 through 100,    Date:        February 15, 2024
    inclusive,                             Time:        8:30 a.m.
23                                         Judge:       Hon. George H. Wu
            Defendants.                    Courtroom:   9D
24

25

26

27

28

VEDDER PRICE P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

I, WENDY SNAER, declare as follows:

1.      I make this declaration in support of the Motion to Compel Arbitration and Dismiss made by Defendants University of Southern California ("USC"), Valter Longo ("Longo"), Sebastian Brandhorst ("Brandhorst"), and myself (collectively "Defendants").  I am over the age of 18.  I make the following declaration of my own personal knowledge, except such facts that are stated on the basis of information and belief, and for such facts, I am informed and believe such facts to be true.  If called to testify as a witness, I could and would testify truthfully to the facts stated herein.

2.      I have been employed by USC as a Senior Human Resources Partner and Payroll Manager for the School of Gerontology since 2018.  In my capacity as a Senior Human Resources Partner, I am responsible for intaking and managing human resources records, and specifically, personnel files concerning USC employees who work within the School of Gerontology.  In the course of performing these duties, I have access to the human resources records and personnel files of USC employees who work within the School of Gerontology.   I also have personal knowledge of the employees employed by USC in the School of Gerontology, and the processes by which USC employee personnel files are maintained.  I make this declaration based on my own personal knowledge and my review of information and records maintained by USC in the ordinary course of business.

3.      Longo is the Edna M. Jones Professor of Gerontology and Biological Sciences and Director of the Longevity Institute at USC School of Gerontology, and an employee of USC.

4.      Brandhorst is a Research Associate Professor of Gerontology at the USC School of Gerontology.

5.      Plaintiff Annunziata Crupi ("Plaintiff") was a Postdoctoral Scholar – Research Associate employed by USC.  Her start date was June 15, 2018.  Her

VEDDER PRICE P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

2                                                    Case No. 2:23-cv-05077-GW-PDx
DECLARATION OF WENDY SNAER IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
ARBITRATION AND DISMISS

1    employment ended when her contract was not renewed by USC on March 28, 2022.

2       6.      Any time a person is extended an offer of employment or reappointment

3    by the USC School of Gerontology, they receive an offer of employment contingent

4    upon agreeing to an at-will agreement and an arbitration agreement.  The person is

5    provided with copies of their employment offer, an at-will agreement, and an

6    arbitration agreement.

7       7.      When employees provide executed copies of the offer letters, at will

8    agreements, and arbitration agreements, I upload a copy of these documents to

9    Workday, USC's human resources records management system.  The documents are

10    placed in the personnel file pertaining to the employee who executed the document.

11    Only USC human resources staff can upload to or modify the records in Workday.

12    These records are maintained by USC in the ordinary course of business.

13       8.      On January 6, 2021, the USC School of Gerontology extended a

14    reappointment offer to Plaintiff.  I transmitted the offer letter, at-will agreement, and

15    arbitration agreement to Plaintiff on January 6 in an email.

16       9.      On January 6, 2021, Plaintiff responded to me from her USC e-mail

17    account.  Plaintiff stated in the body of this email "Please find here the signed docs.

18    Best, Nancy."  Plaintiff attached signed copies of the offer letter, at-will agreement,

19    and arbitration agreement to her e-mail.  Each document bore Plaintiff's signature

20    and the date January 6, 2021.  A true and correct copy of this email, and the

21    attachments (including the executed arbitration agreement), is attached hereto as

22    **Exhibit A**.

23       10.     A true and correct copy of the executed arbitration agreement is

24    attached hereto as **Exhibit B**.

25       11.     After Plaintiff e-mailed the executed documents to me on January 6,

26    2021, I uploaded these documents to Workday and placed them in Plaintiff's

27    personnel file.  Subsequently, these documents were maintained by USC in the

28

Vedder Price P.C.
Attorneys at Law
San Francisco

3

Case No. 2:23-cv-05077-GW-PDx

DECLARATION OF WENDY SNAER IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
ARBITRATION AND DISMISS

1    ordinary course of business.

2        12.    Plaintiff's personnel file on Workday also contains three other

3    arbitration agreements, signed by Plaintiff on May 23, 2018, December 17, 2018,

4    and December 22, 2020.  These documents were also maintained by USC in the

5    ordinary course of business.  True and correct copies of these arbitration agreements

6    are attached hereto as **Exhibit J**.

7        I declare under penalty of perjury under the laws of the United States and the

8    State of California that the foregoing is true and correct.

9

10       Executed this ___ day of October, 2023, at Los Angeles, California.

11                             Wendy          Digitally signed by Wendy Snaer
                                              DN: cn=Wendy Snaer, o=USC
                                              Leonard Davis School of
12                            Snaer           Gerontology, ou,
                                              email=wsnaer@usc.edu, c=US
                                              Date: 2023.10.19 15:35:58 -07'00'
13                            _____
                              WENDY SNAER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE P.C.
ATTORNEYS AT LAW
SAN FRANCISCO

4                    Case No. 2:23-cv-05077-GW-PDx
DECLARATION OF WENDY SNAER IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL
ARBITRATION AND DISMISS

# EXHIBIT A

**To:** Wendy Snaer[wsnaer@usc.edu]
**Cc:** Gerontology HR services[gerohr@usc.edu]
**From:** Annunziata Crupi[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=305A6C246A024B4EBFF1F4A5315673C1-SCHQSGJ4]
**Sent:** Wed 1/6/2021 8:18:23 PM Coordinated Universal Time
**Subject:** RE: Revised Offer Letter
**Attachment:** At Will Agreement SIGNED.pdf
**Attachment:** Arbitration Agreement SIGNED.pdf
**Attachment:** 2021-01-05 Crupi Annunziata Reappointment Offer-Revised SIGNED.pdf

Hi Wendy,
Please find here the signed docs.

Best,
Nancy

---

**From:** Wendy Snaer <wsnaer@usc.edu>
**Sent:** Wednesday, January 6, 2021 10:53 AM
**To:** Annunziata Crupi <acrupi@usc.edu>
**Cc:** Gerontology HR services <gerohr@usc.edu>
**Subject:** Revised Offer Letter
**Importance:** High

Hi Nancy,

Hope this email finds you well. After careful review of the offer extended to you, we need to revise the pay to a higher rate to ensure we are able to meet the government prevailing wage for your H1B visa. Attached is the revised offer. Please review and provide me with a signed copy of the documents attached at your earliest convenience.

Thank you,

**Wendy Snaer | Sr. Human Resources and Payroll Manager**
Leonard Davis School of Gerontology | University of Southern California
3715 McClintock Ave GER121| Los Angeles, CA 90089
Mail Code: MC0191
Ph: (213) 821-4643 | Fx: (213) 821-1770
wsnaer@usc.edu
gerohr@usc.edu





*This e-mail message and enclosures are confidential, may contain proprietary business or legally privileged information, and are intended only for the recipient(s) named above. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender by return e-mail and delete this message from your computer. Thank you.*

**Acknowledgment of At-Will Employment Agreement**

I understand that my employment with the University of Southern California (the "University") is at-will and therefore can be terminated, with or without cause, at any time, with or without prior notice, at my option or the University's option. This at-will employment relationship will remain in effect throughout my employment with the University unless it is specifically modified by an express written employment agreement executed by an authorized representative of the University and me. I understand that this at-will employment relationship may not be modified by any oral or implied agreement, and that no employee handbook, nor any course of conduct, practice, policy, award, promotion, performance evaluation, transfer, or length of service can modify this at-will relationship.

I acknowledge that I have carefully read and understand this Acknowledgment and agree to its terms.

**Acknowledged and Agreed:**

01/06/2021
_____
**Date** (mm/dd/yyyy)

Annunziata Crupi
_____
**Employee's full name**

_____
**Employee Signature**

**By:**   _____
**David Wright**
**Senior Vice President, Administration**
**University of Southern California**

*Rev. July 2019*

**AGREEMENT TO ARBITRATE CLAIMS**

Internal processes are available for collegially resolving differences that may arise between the University of Southern California (the "University") and its faculty or staff, including formal faculty grievance and staff complaint procedures. If, for whatever reason, internal collegial processes do not resolve such differences, final and binding impartial arbitration is a means of avoiding the delay, expense, and unpleasantness of a lawsuit.

Therefore, the University and the faculty or staff member named below ("Employee") agree to the resolution by arbitration of all claims, whether or not arising out of Employee's University employment, remuneration or termination, that Employee may have against the University or any of its related entities, including but not limited to faculty practice plans, or its or their officers, trustees, administrators, employees or agents, in their capacity as such or otherwise; and all claims that the University may have against Employee. Any claim that otherwise would have been decidable in a court of law — whether under local, state, or federal law — will instead be decided by arbitration, except as specifically excluded by this Agreement. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); claims for personal, physical, or emotional injury, or for any tort; claims for discrimination or harassment (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, gender identity or expression, military and veteran status, or medical condition or disability); claims for "whistleblowing" or retaliation; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance.

Notwithstanding the foregoing, the following claims are not covered by this Agreement: (1) claims brought under Title VII of the Civil Rights Act of 1964; (2) tort claims (e.g., assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention) if they are related to or arising out of sexual assault or sexual harassment; (3) claims for workers' compensation or unemployment compensation; (4) claims by or against faculty that are subject to review by writ of administrative mandamus under California Code of Civil Procedure Section 1094.5 or any successor statute; (5) claims that are arbitrable under a collective bargaining agreement governing Employee's employment; (6) claims arising under the National Labor Relations Act; and (7) claims that as a matter of law (after application of Federal Arbitration Act preemption principles) may not be subject to a predispute agreement to arbitrate.

The parties agree that final and binding arbitration shall be the sole and exclusive remedy for resolving any claims covered by this Agreement, instead of any court action, which is hereby expressly waived.

Any arbitration conducted pursuant to this Agreement shall be held in Los Angeles, California (or in the city in which the Employee is or was employed by the University). Any arbitration pursuant to this Agreement shall be held under the auspices of JAMS, and conducted in accordance with the JAMS Employment Arbitration Rules & Procedures (and no other rules), except to the extent such rules conflict with the procedures set forth herein. The JAMS Employment Arbitration Rules & Procedures are currently available at http://www.jamsadr.com/rules-employment-arbitration, and Employee understands USC will provide a printed copy upon request. Employee's share of the arbitrator's fee and the JAMS filing fee shall be no more than the then-current filing fee in the California Superior Court (or

*Rev. July 2019*

the equivalent state court in the event the arbitration is initiated outside California). The arbitrator may grant a waiver of Employee's share of these fees upon a showing of hardship. Employee and the University shall each bear their own costs relating to the arbitration and their own attorneys' fees, except as otherwise provided by law and as set forth in this Agreement. This Agreement supersedes any prior or contemporaneous agreement on the subject, shall survive the termination of Employee's employment, and may only be revoked or modified in a written document that expressly refers to the "Agreement to Arbitrate Claims" and is signed by the President of the University.

Employee or the University must give written notice of any claim to the other party within the time prescribed by the state or federal statute of limitations applicable to the claim being made. Any claim for which notice is not given within the time prescribed by the applicable state or federal statute of limitations, shall be barred. The written notice shall identify and factually describe the nature of all claims asserted, and in case of notice to the University, it shall be directed to the Provost (for faculty) or the Senior Vice President for Administration (for staff).

Notwithstanding any provision of the JAMS Rules, arbitration shall occur on an individual basis only, and a court of competent jurisdiction (and not an arbitrator) shall resolve any dispute about the formation, validity, or enforceability of this Agreement.  Thus, to the maximum extent permitted by law, Employee hereby waives any right to bring on behalf of persons other than Employee, or to otherwise participate with other persons in, any class or collective action. Employee retains the right to bring claims in arbitration for himself or herself as an individual (and only for himself or herself).

The arbitrator shall award all the remedies to which the prevailing party is legally entitled, including attorneys' fees and/or litigation costs if recoverable under applicable law. The arbitrator may not, however, award remedies that would be unavailable in court under the legal standards applicable to the claim(s) asserted. The arbitrator shall afford the parties adequate discovery, including deposition discovery, taking into account their shared desire to have a fast, cost-effective dispute-resolution mechanism. The Federal Arbitration Act shall govern the interpretation, enforcement, and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act either is inapplicable, or held not to require arbitration of a particular claim or claims, California law pertaining to agreements to arbitrate shall apply. The arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. The arbitrator shall render an award and a written, reasoned opinion in support thereof. Judgment on the award may be entered in any court having jurisdiction thereof.

*Rev. July 2019*

This Agreement shall not be interpreted to preclude Employee from filing (or recovering through) an administrative charge or complaint with, or communicating in any way with, the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the California Division of Labor Standards Enforcement, the National Labor Relations Board, or any other federal, state, or local agency or official. If any provision of this Agreement is determined to be void or otherwise unenforceable, this determination shall not affect the validity of the remainder of the Agreement.

Employee understands and agrees that by signing this agreement, he/she and the University are giving up their respective rights to a jury trial.

Date: 01/06/2021                          By: _____
                                              Employee's signature

                                              **Annunziata Crupi**
                                              _____
                                              Full name of employee


                                          By: _____
                                              Carol L. Folt, President
                                              University of Southern California

3

# USC Leonard Davis
### School of Gerontology

January 5, 2021

Annunziata Crupi, Ph.D.
5817 Bowcroft St. #1
Los Angeles, CA 90016

Dear Dr. Crupi:

It is with pleasure that we offer you a Postdoctoral Scholar - Research Associate re-appointment at the Leonard Davis School of Gerontology of the University of Southern California based on the recommendation of Valter Longo, who will be your faculty mentor.  This offer of appointment is in accordance with the university's postdoctoral education program to provide an opportunity for recent graduates to further develop their research skills and learn new techniques.

Your monthly salary for the period beginning 03/29/2021 -03/28/2022 will be $5,274.50/month, which is approximately $63,294 annually.  Of this amount, all will be provided from USC for the research of Valter Longo.

This is a university post-graduate scholar re-appointment as a Postdoctoral Scholar - Research Associate and requires that each semester you register in a course of Postdoctoral Training with the Office of Postdoctoral Affairs.  The appointment period is 03/29/2021 – 03/28/2022 contingent upon you providing proof of employment authorization after 03/28/2022.  You are eligible to be considered for reappointment on a year-to-year basis, but there is no guarantee of reappointment, which is at the university's discretion.  The maximum possible term is five years, although generally the period is shorter.  Appointments may be prematurely terminated at any time during the year-to-year appointment, without cause, at the discretion of the dean of the school, on 90-days-notice (or payment to the extent the notice falls short of 90 days).  In addition, if the external funding which supports you is no longer available, your appointment will be terminated.
Assignments of space, equipment, clerical, and other support are subject to change in the future according to the university's needs.  While your specific responsibilities and duties will be assigned by Valter Longo, it is expected that your time will be committed to research and scholarship.

Should you accept this offer, your appointment as a Postdoctoral Scholar – Research Associate will require both satisfactory performance and compliance with existing and future university and departmental policies.  As a post-graduate scholar and as a member of the university community, you are obligated to abide by university policies.  Your compliance with university policy includes the responsibility to respect the highest level of privacy for all members of the university community.  Because many of our faculty and staff handle a variety of proprietary and private information concerning colleagues, students, patients, alumni, donors, and others associated with the university, protecting privacy is the responsibility of all university employees.  Therefore, you must agree to not disclose or discuss any confidential information obtained from university, school



or departmental records, either during or after employment with the university (unless such disclosure is a normal requirement of your position and has been authorized). This includes, but is not limited to, intellectual property, proprietary trade information, student records, patient records and donor files. Updated and current policies are posted on the university's web page at http://www.usc.edu/policies, including those defining intellectual property rights. I encourage you to review the university's Strategic Vision and other online resources identified below for further information about the university.

As a Postdoctoral Scholar - Research Associate, you will continue to participate in the USC Postdoctoral Scholar Benefit Program which includes health, dental, vision, life, accidental death and dismemberment and disability insurance. You are also eligible to apply to participate in the student child care program (though the available space may be extremely limited) and you are eligible for tuition remission for approved training-related courses at USC.

According to university policy, no separation pay (severance pay) or layoff benefits are paid to fixed-term employees. When you leave, your final paycheck will be paid in accordance with the university's policies. The university does not pay for accrued and unused sick days upon termination. Vacation leaves are in accordance with university policy posted on the university's web page at http://www.usc.edu/policies.

This offer is contingent upon your agreement that the employment relationship is at-will, and your acceptance of an arbitration agreement. Both documents are enclosed for your review.

If the terms specified in this letter are acceptable to you, please sign and return the original of this letter along with the signed arbitration and at-will agreements to me by 1/15/2021. The appointment terms in this offer letter supplant any previous correspondence and discussions, and by signing below, you agree to adhere to all university policies, including those defining intellectual property rights.

We look forward to your association with USC.

Sincerely,


Valter Longo
Edna M. Jones Professor of Gerontology


Pinchas Cohen
Dean

I hereby accept employment on the conditions set forth in this letter.

_____

Annunziata Crupi

01/06/2021
_____

Date

Enclosures:      Arbitration Agreement
                 At-Will Agreement

Web Resources:

            Office of Postdoctoral Affairs: http://postdocs.usc.edu/
            Strategic Vision: http://www.provost.usc.edu/sv/
            University Policies: www.usc.edu/policies
            USC Home Page: www.usc.edu
            Leonard Davis School of Gerontology -- Home Page: gero.usc.edu

# EXHIBIT B

*Rev. July 2019*

**AGREEMENT TO ARBITRATE CLAIMS**

Internal processes are available for collegially resolving differences that may arise between the University of Southern California (the "University") and its faculty or staff, including formal faculty grievance and staff complaint procedures. If, for whatever reason, internal collegial processes do not resolve such differences, final and binding impartial arbitration is a means of avoiding the delay, expense, and unpleasantness of a lawsuit.

Therefore, the University and the faculty or staff member named below ("Employee") agree to the resolution by arbitration of all claims, whether or not arising out of Employee's University employment, remuneration or termination, that Employee may have against the University or any of its related entities, including but not limited to faculty practice plans, or its or their officers, trustees, administrators, employees or agents, in their capacity as such or otherwise; and all claims that the University may have against Employee. Any claim that otherwise would have been decidable in a court of law — whether under local, state, or federal law — will instead be decided by arbitration, except as specifically excluded by this Agreement. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); claims for personal, physical, or emotional injury, or for any tort; claims for discrimination or harassment (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, gender identity or expression, military and veteran status, or medical condition or disability); claims for "whistleblowing" or retaliation; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance.

Notwithstanding the foregoing, the following claims are not covered by this Agreement: (1) claims brought under Title VII of the Civil Rights Act of 1964; (2) tort claims (e.g., assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention) if they are related to or arising out of sexual assault or sexual harassment; (3) claims for workers' compensation or unemployment compensation; (4) claims by or against faculty that are subject to review by writ of administrative mandamus under California Code of Civil Procedure Section 1094.5 or any successor statute; (5) claims that are arbitrable under a collective bargaining agreement governing Employee's employment; (6) claims arising under the National Labor Relations Act; and (7) claims that as a matter of law (after application of Federal Arbitration Act preemption principles) may not be subject to a predispute agreement to arbitrate.

The parties agree that final and binding arbitration shall be the sole and exclusive remedy for resolving any claims covered by this Agreement, instead of any court action, which is hereby expressly waived.

Any arbitration conducted pursuant to this Agreement shall be held in Los Angeles, California (or in the city in which the Employee is or was employed by the University). Any arbitration pursuant to this Agreement shall be held under the auspices of JAMS, and conducted in accordance with the JAMS Employment Arbitration Rules & Procedures (and no other rules), except to the extent such rules conflict with the procedures set forth herein. The JAMS Employment Arbitration Rules & Procedures are currently available at http://www.jamsadr.com/rules-employment-arbitration, and Employee understands USC will provide a printed copy upon request. Employee's share of the arbitrator's fee and the JAMS filing fee shall be no more than the then-current filing fee in the California Superior Court (or

*Rev. July 2019*

the equivalent state court in the event the arbitration is initiated outside California). The arbitrator may grant a waiver of Employee's share of these fees upon a showing of hardship. Employee and the University shall each bear their own costs relating to the arbitration and their own attorneys' fees, except as otherwise provided by law and as set forth in this Agreement. This Agreement supersedes any prior or contemporaneous agreement on the subject, shall survive the termination of Employee's employment, and may only be revoked or modified in a written document that expressly refers to the "Agreement to Arbitrate Claims" and is signed by the President of the University.

Employee or the University must give written notice of any claim to the other party within the time prescribed by the state or federal statute of limitations applicable to the claim being made. Any claim for which notice is not given within the time prescribed by the applicable state or federal statute of limitations, shall be barred. The written notice shall identify and factually describe the nature of all claims asserted, and in case of notice to the University, it shall be directed to the Provost (for faculty) or the Senior Vice President for Administration (for staff).

Notwithstanding any provision of the JAMS Rules, arbitration shall occur on an individual basis only, and a court of competent jurisdiction (and not an arbitrator) shall resolve any dispute about the formation, validity, or enforceability of this Agreement.  Thus, to the maximum extent permitted by law, Employee hereby waives any right to bring on behalf of persons other than Employee, or to otherwise participate with other persons in, any class or collective action. Employee retains the right to bring claims in arbitration for himself or herself as an individual (and only for himself or herself).

The arbitrator shall award all the remedies to which the prevailing party is legally entitled, including attorneys' fees and/or litigation costs if recoverable under applicable law. The arbitrator may not, however, award remedies that would be unavailable in court under the legal standards applicable to the claim(s) asserted. The arbitrator shall afford the parties adequate discovery, including deposition discovery, taking into account their shared desire to have a fast, cost-effective dispute-resolution mechanism. The Federal Arbitration Act shall govern the interpretation, enforcement, and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act either is inapplicable, or held not to require arbitration of a particular claim or claims, California law pertaining to agreements to arbitrate shall apply. The arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. The arbitrator shall render an award and a written, reasoned opinion in support thereof. Judgment on the award may be entered in any court having jurisdiction thereof.

*Rev. July 2019*

This Agreement shall not be interpreted to preclude Employee from filing (or recovering through) an administrative charge or complaint with, or communicating in any way with, the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the California Division of Labor Standards Enforcement, the National Labor Relations Board, or any other federal, state, or local agency or official. If any provision of this Agreement is determined to be void or otherwise unenforceable, this determination shall not affect the validity of the remainder of the Agreement.

Employee understands and agrees that by signing this agreement, he/she and the University are giving up their respective rights to a jury trial.

Date: 01/06/2021                                    By: _____
                                                          Employee's signature

                                                          **Annunziata Crupi**
                                                          _____
                                                          Full name of employee


                                                    By: _____
                                                          Carol L. Folt, President
                                                          University of Southern California

3

# EXHIBIT J

Rev. April 2015

## AGREEMENT TO ARBITRATE CLAIMS

Internal processes are available for collegially resolving differences that may arise between the University of Southern California (the "University") and its faculty or staff, including formal faculty grievance and staff complaint procedures. If, for whatever reason, internal collegial processes do not resolve such differences, final and binding impartial arbitration is a means of avoiding the delay, expense, and unpleasantness of a lawsuit.

Therefore, the University and the faculty or staff member named below ("Employee") agree to the resolution by arbitration of all claims, whether or not arising out of Employee's University employment, remuneration or termination, that Employee may have against the University or any of its related entities, including but not limited to faculty practice plans, or its or their officers, trustees, administrators, employees or agents, in their capacity as such or otherwise; and all claims that the University may have against Employee. Any claim that otherwise would have been decidable in a court of law — whether under local, state or federal law — will instead be decided by arbitration, except as specifically excluded by this Agreement. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); claims for personal, physical, or emotional injury, or for any tort; claims for discrimination or harassment (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, gender identity or expression, military and veteran status, or medical condition or disability); claims for "whistleblowing" or retaliation; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance.

Notwithstanding the foregoing, the following claims are not covered by this Agreement: (1) claims brought under Title VII of the Civil Rights Act of 1964; (2) tort claims (*e.g.*, assault and battery, intentional infliction of emotional distress, false imprisonment or negligent hiring, supervision or retention) if they are related to or arising out of sexual assault or harassment; (3) claims for "whistleblowing" under the American Recovery and Reinvestment Act of 2009; (4) claims for workers' compensation or unemployment compensation; (5) claims by or against faculty that are subject to review by writ of administrative mandamus under California Code of Civil Procedure Section 1094.5 or any successor statute; (6) claims that are arbitrable under a collective bargaining agreement governing Employee's employment; (7) claims arising under the National Labor Relations Act; and (8) claims under the Ralph Civil Rights Act or the Tom Bane Civil Rights Act, unless the amendments to sections 51.7, 52 and 52.1 of the California Civil Code resulting from the enactment of California Assembly Bill No. 2617 have been held by a court of law to be preempted by the Federal Arbitration Act or otherwise unenforceable as applied to pre-employment arbitration agreements.

The parties agree that final and binding arbitration shall be the sole and exclusive remedy for resolving any claims covered by this Agreement, instead of any court action, which is hereby expressly waived.

Any arbitration conducted pursuant to this Agreement shall be held in Los Angeles, California (or in the city in which the Employee is or was employed by the University). Any arbitration pursuant to this Agreement shall be held under the auspices of JAMS, and conducted in accordance with the JAMS Employment Arbitration Rules & Procedures (and no other rules), except to the extent such rules conflict with the procedures set forth herein. The JAMS Employment Arbitration Rules & Procedures are currently available at http://www.jamsadr.com/rules-employment-arbitration, and Employee understands USC will provide a printed copy upon request  Employee's share of the arbitrator's fee and the JAMS filing fee shall be no more than the then-current filing fee in the California Superior Court (or the equivalent state court in the event the arbitration is filed outside

California). The arbitrator may grant a waiver of Employee's share of these fees upon a showing of hardship. Employee and the University shall each bear their own costs relating to the arbitration and their own attorneys' fees, except as otherwise provided by law. This Agreement supersedes any prior or contemporaneous agreement on the subject, shall survive the termination of Employee's employment, and may only be revoked or modified in a written document that expressly refers to the "Agreement to Arbitrate Claims" and is signed by the President of the University.

Employee or the University must give written notice of any claim to the other party within the time prescribed by the state or federal statute of limitations applicable to the claim being made. In the event that multiple claims are asserted by Employee or the University, any claim of which notice is not given within the time prescribed by the applicable state or federal statute of limitations shall be barred. The written notice shall identify and factually describe the nature of all claims asserted, and in case of notice to the University, it shall be directed to the Provost (for faculty) or the Senior Vice President for Administration (for staff).

To the maximum extent permitted by law, Employee hereby waives any right to bring on behalf of persons other than Employee, or to otherwise participate with other persons in, any class or collective action. Employee retains the right to bring claims in arbitration for himself or herself as an individual (and only for himself or herself).

The arbitrator shall award all the remedies to which the prevailing party is legally entitled, including attorneys' fees and/or litigation costs if recoverable under applicable law. The arbitrator may not, however, award remedies that would be unavailable in court under the legal standards applicable to the claim(s) asserted. The arbitrator shall afford the parties adequate discovery, including deposition discovery, taking into account their shared desire to have a fast, cost-effective dispute-resolution mechanism. Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement, and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act either is inapplicable, or held not to require arbitration of a particular claim or claims, California law pertaining to agreements to arbitrate shall apply. The arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. The arbitrator shall render an award and a written, reasoned opinion in support thereof. Judgment on the award may be entered in any court having jurisdiction thereof.

This Agreement shall not be interpreted to preclude Employee from filing an administrative charge or complaint with, or communicating in any way with, the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the California Division of Labor Standards Enforcement, the National Labor Relations Board, or any other federal, state, or local agency or official. If any provision of this Agreement is determined to be void or otherwise unenforceable, this determination shall not affect the validity of the remainder of the Agreement. EMPLOYEE UNDERSTANDS AND AGREES THAT BY SIGNING THIS AGREEMENT, HE/SHE AND THE UNIVERSITY ARE GIVING UP THEIR RESPECTIVE RIGHTS TO A JURY TRIAL.

Date: 05/23/2018

By: _____
*Employee's Signature*

ANNUNZIATA CRUPI
*Full Name of Employee*

C.C Nikias

By:  Chrysostomos L. Nikias, President
     University of Southern California

Page 2 of 2

*Rev. August 2018*

**AGREEMENT TO ARBITRATE CLAIMS**

Internal processes are available for collegially resolving differences that may arise between the University of Southern California (the "University") and its faculty or staff, including formal faculty grievance and staff complaint procedures. If, for whatever reason, internal collegial processes do not resolve such differences, final and binding impartial arbitration is a means of avoiding the delay, expense, and unpleasantness of a lawsuit.

Therefore, the University and the faculty or staff member named below ("Employee") agree to the resolution by arbitration of all claims, whether or not arising out of Employee's University employment, remuneration or termination, that Employee may have against the University or any of its related entities, including but not limited to faculty practice plans, or its or their officers, trustees, administrators, employees or agents, in their capacity as such or otherwise; and all claims that the University may have against Employee. Any claim that otherwise would have been decidable in a court of law — whether under local, state or federal law — will instead be decided by arbitration, except as specifically excluded by this Agreement. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); claims for personal, physical, or emotional injury, or for any tort; claims for discrimination or harassment (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, gender identity or expression, military and veteran status, or medical condition or disability); claims for "whistleblowing" or retaliation; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance.

Notwithstanding the foregoing, the following claims are not covered by this Agreement: (1) claims brought under Title VII of the Civil Rights Act of 1964; (2) tort claims (e.g., assault and battery, intentional infliction of emotional distress, false imprisonment or negligent hiring, supervision or retention) if they are related to or arising out of sexual assault or sexual harassment; (3) claims for "whistleblowing" under the American Recovery and Reinvestment Act of 2009; (4) claims for workers' compensation or unemployment compensation; (5) claims by or against faculty that are subject to review by writ of administrative mandamus under California Code of Civil Procedure Section 1094.5 or any successor statute; (6) claims that are arbitrable under a collective bargaining agreement governing Employee's employment; (7) claims arising under the National Labor Relations Act; and (8) claims under the Ralph Civil Rights Act or the Tom Bane Civil Rights Act, unless the amendments to sections 51.7, 52 and 52.1 of the California Civil Code resulting from the enactment of California Assembly Bill No. 2617 have been held by a court of law to be preempted by the Federal Arbitration Act or otherwise unenforceable as applied to pre-employment arbitration agreements.

The parties agree that final and binding arbitration shall be the sole and exclusive remedy for resolving any claims covered by this Agreement, instead of any court action, which is hereby expressly waived.

Any arbitration conducted pursuant to this Agreement shall be held in Los Angeles, California (or in the city in which the Employee is or was employed by the University). Any arbitration pursuant to this Agreement shall be held under the auspices of JAMS, and conducted in accordance with the JAMS Employment Arbitration Rules & Procedures (and no other rules), except to the extent such rules conflict with the procedures set forth herein. The JAMS Employment Arbitration Rules & Procedures are currently available at http://www.jamsadr.com/rules-employment-arbitration, and Employee understands USC will provide a printed copy upon request Employee's share of the arbitrator's fee and the JAMS filing fee shall be no more than the then-current filing fee in the California Superior Court (or

*Rev. August 2018*

the equivalent state court in the event the arbitration is filed outside California). The arbitrator may grant a waiver of Employee's share of these fees upon a showing of hardship. Employee and the University shall each bear their own costs relating to the arbitration and their own attorneys' fees, except as otherwise provided by law. This Agreement supersedes any prior or contemporaneous agreement on the subject, shall survive the termination of Employee's employment, and may only be revoked or modified in a written document that expressly refers to the "Agreement to Arbitrate Claims" and is signed by the President of the University.

Employee or the University must give written notice of any claim to the other party within the time prescribed by the state or federal statute of limitations applicable to the claim being made. In the event that multiple claims are asserted by Employee or the University, any claim of which notice is not given within the time prescribed by the applicable state or federal statute of limitations shall be barred. The written notice shall identify and factually describe the nature of all claims asserted, and in case of notice to the University, it shall be directed to the Provost (for faculty) or the Senior Vice President for Administration (for staff).

To the maximum extent permitted by law, Employee hereby waives any right to bring on behalf of persons other than Employee, or to otherwise participate with other persons in, any class or collective action. Employee retains the right to bring claims in arbitration for himself or herself as an individual (and only for himself or herself).

The arbitrator shall award all the remedies to which the prevailing party is legally entitled, including attorneys' fees and/or litigation costs if recoverable under applicable law. The arbitrator may not, however, award remedies that would be unavailable in court under the legal standards applicable to the claim(s) asserted. The arbitrator shall afford the parties adequate discovery, including deposition discovery, taking into account their shared desire to have a fast, cost-effective dispute-resolution mechanism. Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement, and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act either is inapplicable, or held not to require arbitration of a particular claim or claims, California law pertaining to agreements to arbitrate shall apply. The arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. The arbitrator shall render an award and a written, reasoned opinion in support thereof. Judgment on the award may be entered in any court having jurisdiction thereof.

This Agreement shall not be interpreted to preclude Employee from filing an administrative charge or complaint with, or communicating in any way with, the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the California Division of Labor Standards Enforcement, the National Labor Relations Board, or any other federal, state, or local agency or official. If any provision of this Agreement is determined to be void or otherwise unenforceable, this determination shall not affect the validity of the remainder of the Agreement.

Employee understands and agrees that by signing this agreement, he/she and the university are giving up their respective rights to a jury trial.

*Rev. August 2018*

Date: __12/17/2018__

By: _____
*(Employee's signature)*

__Annunziata Crupi__
*(Full name of employee)*

By: Wanda M. Austin, Interim President
University of Southern California

3

*Rev. July 2019*

**AGREEMENT TO ARBITRATE CLAIMS**

Internal processes are available for collegially resolving differences that may arise between the University of Southern California (the "University") and its faculty or staff, including formal faculty grievance and staff complaint procedures. If, for whatever reason, internal collegial processes do not resolve such differences, final and binding impartial arbitration is a means of avoiding the delay, expense, and unpleasantness of a lawsuit.

Therefore, the University and the faculty or staff member named below ("Employee") agree to the resolution by arbitration of all claims, whether or not arising out of Employee's University employment, remuneration or termination, that Employee may have against the University or any of its related entities, including but not limited to faculty practice plans, or its or their officers, trustees, administrators, employees or agents, in their capacity as such or otherwise; and all claims that the University may have against Employee. Any claim that otherwise would have been decidable in a court of law — whether under local, state, or federal law — will instead be decided by arbitration, except as specifically excluded by this Agreement. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); claims for personal, physical, or emotional injury, or for any tort; claims for discrimination or harassment (including, but not limited to, race, sex, religion, national origin, age, marital status, sexual orientation, gender identity or expression, military and veteran status, or medical condition or disability); claims for "whistleblowing" or retaliation; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance.

Notwithstanding the foregoing, the following claims are not covered by this Agreement: (1) claims brought under Title VII of the Civil Rights Act of 1964; (2) tort claims (e.g., assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention) if they are related to or arising out of sexual assault or sexual harassment; (3) claims for workers' compensation or unemployment compensation; (4) claims by or against faculty that are subject to review by writ of administrative mandamus under California Code of Civil Procedure Section 1094.5 or any successor statute; (5) claims that are arbitrable under a collective bargaining agreement governing Employee's employment; (6) claims arising under the National Labor Relations Act; and (7) claims that as a matter of law (after application of Federal Arbitration Act preemption principles) may not be subject to a predispute agreement to arbitrate.

The parties agree that final and binding arbitration shall be the sole and exclusive remedy for resolving any claims covered by this Agreement, instead of any court action, which is hereby expressly waived.

Any arbitration conducted pursuant to this Agreement shall be held in Los Angeles, California (or in the city in which the Employee is or was employed by the University). Any arbitration pursuant to this Agreement shall be held under the auspices of JAMS, and conducted in accordance with the JAMS Employment Arbitration Rules & Procedures (and no other rules), except to the extent such rules conflict with the procedures set forth herein. The JAMS Employment Arbitration Rules & Procedures are currently available at http://www.jamsadr.com/rules-employment-arbitration, and Employee understands USC will provide a printed copy upon request. Employee's share of the arbitrator's fee and the JAMS filing fee shall be no more than the then-current filing fee in the California Superior Court (or

DocuSign Envelope ID: 3D453511-2AD8-43F8-981E-9FDA758CAAA6

*Rev. July 2019*

the equivalent state court in the event the arbitration is initiated outside California). The arbitrator may grant a waiver of Employee's share of these fees upon a showing of hardship. Employee and the University shall each bear their own costs relating to the arbitration and their own attorneys' fees, except as otherwise provided by law and as set forth in this Agreement. This Agreement supersedes any prior or contemporaneous agreement on the subject, shall survive the termination of Employee's employment, and may only be revoked or modified in a written document that expressly refers to the "Agreement to Arbitrate Claims" and is signed by the President of the University.

Employee or the University must give written notice of any claim to the other party within the time prescribed by the state or federal statute of limitations applicable to the claim being made. Any claim for which notice is not given within the time prescribed by the applicable state or federal statute of limitations, shall be barred. The written notice shall identify and factually describe the nature of all claims asserted, and in case of notice to the University, it shall be directed to the Provost (for faculty) or the Senior Vice President for Administration (for staff).

Notwithstanding any provision of the JAMS Rules, arbitration shall occur on an individual basis only, and a court of competent jurisdiction (and not an arbitrator) shall resolve any dispute about the formation, validity, or enforceability of this Agreement.  Thus, to the maximum extent permitted by law, Employee hereby waives any right to bring on behalf of persons other than Employee, or to otherwise participate with other persons in, any class or collective action. Employee retains the right to bring claims in arbitration for himself or herself as an individual (and only for himself or herself).

The arbitrator shall award all the remedies to which the prevailing party is legally entitled, including attorneys' fees and/or litigation costs if recoverable under applicable law. The arbitrator may not, however, award remedies that would be unavailable in court under the legal standards applicable to the claim(s) asserted. The arbitrator shall afford the parties adequate discovery, including deposition discovery, taking into account their shared desire to have a fast, cost-effective dispute-resolution mechanism. The Federal Arbitration Act shall govern the interpretation, enforcement, and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act either is inapplicable, or held not to require arbitration of a particular claim or claims, California law pertaining to agreements to arbitrate shall apply. The arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure. The arbitrator shall render an award and a written, reasoned opinion in support thereof. Judgment on the award may be entered in any court having jurisdiction thereof.

*Rev. July 2019*

This Agreement shall not be interpreted to preclude Employee from filing (or recovering through) an administrative charge or complaint with, or communicating in any way with, the Equal Employment Opportunity Commission, the California Department of Fair Employment and Housing, the California Division of Labor Standards Enforcement, the National Labor Relations Board, or any other federal, state, or local agency or official. If any provision of this Agreement is determined to be void or otherwise unenforceable, this determination shall not affect the validity of the remainder of the Agreement.

Employee understands and agrees that by signing this agreement, he/she and the University are giving up their respective rights to a jury trial.

Date: 12/22/2020

By: _____
Employee's signature

Annunziata Crupi
_____
Full name of employee

By: _____
Carol L. Folt, President
University of Southern California

3